## *The administration of the Goods of* DAVID PATULLO.

NOTWITHSTANDING a mandamus, by which the Surrogate was ordered to grant letters of administration to A B, the Surrogate issued them to C D, who had a prior right, and who had made his application for letters since the relator A B had obtained his mandamus.

DAVID PATULLO died at Glen Cove, Queens county, N. Y., September 12, 1868, being, at or immediately previous to his death, resident in the county of New York. The Public Administrator in the city of New York seized a portion of his effects, and advertised notice that he should apply to the Surrogate for letters of administration on the 23d day of October, stating the amount of the assets at $200,000. On that day, the proctor for the Public Administrator attended and demanded letters. One Hugh Ferrigan, who claimed to be a creditor of the decedent, also appeared and gave oral notice that he objected to and contested the granting of letters of administration to the Public Administrator. The Surrogate set down the case for the hearing of the contest on the objections, upon his November calendar of contested adminis-

trations and wills, but required of the objector to give a notice of his contest in writing. Such a notice of contest was accordingly given and filed on the 27th October, 1868,

The contest was made under the following provision of the Revised Statutes :

" At the time specified in such notice (to be advertised by the Public Administrator), any person interested in the estate of the deceased may appear and contest the granting of letters of administration to the Public Administrator, and shall be entitled to subpœnas to compel the attendance of witnesses on such hearing." (3 *R. S.*, 5th *ed., p.* 209, § 18.)

It is proper to remark in this place, that on the 6th October, on the petition of the same person, alleging himself a creditor, the Surrogate had appointed Edward Schell collector of the personal estate, who had given bonds in $400,000, and taken possession of the assets.

On the 11th day of November, 1868, Henry E. Davies, Jr., Public Administrator, applied to a Justice of the Supreme Court (Sutherland), in Chambers, for an alternative mandamus, which was granted to the relator and was served on the Surrogate on the 12th day of November. By this writ the Surrogate was commanded, " that immediately after the receipt of the writ, he grant letters of administration upon the estate of the said David Patullo, deceased, to the said Henry E. Davies, Public Administrator, or that he show cause to the contrary before the Supreme Court, at a Special Term, on the 16th day of November." To this writ, the Surrogate made return on the 16th of November, admitting the facts, and averring that the application of the Public Administrator for administration and the contest thereof were upon his calendar, and had not yet been reached in its order on the call of said calendar ; admitting that he had not issued letters to the relator, and that he did not, immediately after the receipt of the alternative writ of mandamus, grant such letters to the relator (as he was thereby commanded to do), and for cause to the contrary, the Surrogate showed,

and respectfully submitted and insisted, that the granting of letters of administration, and the determining and deciding of all questions arising upon applications for such letters, are judicial powers solely and exclusively vested in the Surrogate, by the laws of this State, and that the Supreme Court has no jurisdiction to adjudicate any contest in the Surrogate's Court, or to direct or command the granting of such letters to the Public Administrator, or to any other person, except upon an appeal from the said Surrogate, and the more especially in the present instance, inasmuch as notice has been given of the contesting of the grant of such letters, and the contest thereon remains untried by the said Surrogate."

The return was argued before Mr. Justice Cardozo, of the Supreme Court, by R. L. Larremore and F. G. McDonald, Esqs., for the Surrogate, and by William Fullerton, Esq., for the relator. The Justice delivered his decision on the 17th day of December, as follows:

" The relator has no remedy except by mandamus. His rights, unless a person who has prior claim to administer appears, are fixed by statute. The return I think is defective in not showing that the person objecting to the letters issuing to the relator, is interested. If the respondent thinks he can amend it so as to show that the objector has a prior right, he may do so. Otherwise a peremptory mandamus. No costs."

There being no further or amended return offered by the Surrogate, a peremptory mandamus was granted, and served on the Surrogate on the 22d day of December, 1868. By this writ the Surrogate was commanded, that "immediately after the receipt of this writ, you do issue letters of administration upon the estate of the said David Patullo, deceased, to Henry E. Davies, Jr., Public Administrator in the city of New York, and how you shall have executed this writ, make known to our said Supreme Court at a special term, to be held at the City Hall, in the city of New York, on the 29th day of December, 1868."

On the same 22d day of December, there personally appeared before the Surrogate, one Helen Patullo Simpson Mitchell, a niece, and one of the next of kin of the decedent, and applied by petition for letters of administration to be issued to her, producing the renunciation of the other next of kin, Edward Weir and George Patullo Weir, nephews of the intestate, by their attorney in fact, and filing their renunciation and power of attorney in the Surrogate's office.

The Surrogate said: "I am now served with a peremptory mandamus from the Supreme Court, commanding me, forthwith, to issue letters of administration on the goods, chattels, and credits of the intestate, to the Public Administrator. Simultaneously with the service of this writ, the petition of Helen P. S. Mitchell, asking for administration to be granted to her, has been presented and filed with the Surrogate. The petitioner sets forth, that she is a resident of this city, and is a niece of the intestate; that the intestate left him surviving two nephews and the petitioner, his niece, as aforesaid; and also left descendants of two other nieces, who are deceased; and that these are the only next of kin. The petitioner also presents and files a written renunciation of the administration executed by the said two nephews, by their attorney in fact, and duly proven. They are both non-resident aliens, however, and this renunciation was scarcely needed to strengthen her case. It is very apparent, therefore, that the Surrogate must either disregard the Supreme Court's writ of mandamus, or disregard the Revised Statutes. The Revised Statutes (§ 27, *art.* 2, *title* 2, *chapter* 6, *part* 2), as amended by the act of 1867; (*Session Laws, chapter* 782, *p.* 1927), provide as follows: 'Administration in case of intestacy shall be granted to the relatives of the deceased, who would be entitled to succeed to his personal estate, if they or any of them will accept the same, in the following order: First, to his widow; second, to his children; third, to the

father; fourth, to the mother; fifth, to the brothers; sixth, to the sisters; seventh, to the grandchildren; eighth to any other next of kin who would be entitled to share in the distribution of the estate. In the city of New York the Public Administrator shall have preference after the next of kin, over creditors and all other persons.' Now, it is unquestionable that the niece is entitled to the administration, and that the Public Administrator, in presence of her application, has no, standing whatever in Court. Am I precluded from obeying the law, and granting letters to her, by the mandamus by which I am commanded to grant them to the Public Administrator? In answer to this, I may remark that it can be safely assumed the Supreme Court would never have issued its writ, at least, would never have made it peremptory, had it known what the Surrogate knew of this case, which was immediately before him. It certainly would not have placed itself in the attitude of insisting upon the bestowal of these letters upon the Public Administrator, had it been advised that there were representatives of the family of the deceased in this city, intending to apply for letters as soon as practicable. Had it been so advised, I do not doubt it would have concurred with the Surrogate that the policy of our law is not to intrust private property to the care of public officers and strangers, where there are those who are able and desirous to take charge of their own affairs. The mandamus before me has been issued without the suspicion that any kin had been discovered. Information of this nature, indeed, would not be likely to reach Justices of the Supreme Court as soon as it would reach a Surrogate, whose special and constant business it is to oversee and direct the care of estates, and familiarize himself with the affairs of deceased persons. In fact, the Supreme Court, in this matter, has of course acted solely on the relation and representation of the Public Administrator, and that functionary, who is a litigant before me in this matter,

naturally took no especial pains to find the next of kin, or to inform the Court of their existence. Had the Supreme Court possessed the Surrogate's information, it would scarcely have endeavored to assume the Surrogate's duties, by ordering letters of administration to be issued; and it would not, of course, have assumed the position of commanding the Surrogate, under its solemn seal, and with this potential writ which now lies before me, to ignore the plain provisions of the law. There is no alternative for me but to obey the statute, at the risk of appearing to treat the writ with disrespect. Letters of administration must be granted and issued to Helen P. S. Mitchell, niece and next of kin of the intestate, and not to the Public Administrator. The mandamus will be filed with the order in the Surrogate's office."

The Surrogate thereupon entered the following order:

At a Surrogate's Court, held for the County of New York, at the Surrogate's office, on the twenty-second day of December, in the year one thousand eight hundred and sixty-eight.

Present—GIDEON J. TUCKER, ESQ., *Surrogate.*

IN THE MATTER OF THE ADMINISTRATION OF THE GOODS, &c., OF DAVID PATULLO, DECEASED.

A petition having been heretofore, to wit, on the twenty-third day of October, 1868, filed by the Public Administrator in the city of New York, praying for letters of administration on the goods, etc., of David Patullo, late of said city, deceased, intestate; and Hugh Ferrigan, claiming to be a creditor of said intestate, and a person interested in his estate, having on the same day appeared and contested the granting of letters of administration to said Public Administrator under the statute; and the Surrogate having set down the said petition, and objections for a hearing, as required by law; and the said Ferrigan

THE ADMINISTRATION OF THE GOODS OF DAVID PATULLO.

having on the twenty-seventh day of October, 1868, again in writing, objected to the granting of such letters, and said objections being filed; and the matter having been adjourned to this day; and the said Public Administrator now appearing, by Robert D. Livingston, Esq., his proctor, and having demanded the issuing of such letters, and having served upon the Surrogate personally, a certain writ of peremptory mandamus, issued out of and under the seal of the Supreme Court, wherein and whereby the Surrogate of the county of New York is commanded to issue such letters of administration to the said Public Administrator; and one Helen Patullo Simpson Mitchell, now appearing, and presenting her petition, duly verified, whereby it appears that she is a niece of the said intestate, and a resident of the city of New York; that the said intestate left surviving her the said petitioner, who is his niece, and also two nephews, Edward Weir, and George Patullo Weir, and also the descendants of two deceased nieces, all of whom are his only next of kin; and said petitioner also presenting a written renunciation, duly proved and executed, whereby the said nephews, Edward Weir and George Patullo Weir, by their attorney in fact, renounce, the right of administration on said goods, etc., and also an affidavit showing that she did not reside in the city of New York at the time of the death of said intestate; and said petition and renunciation, and affidavit having been duly filed; and the power of attorney executed by said nephews, being also duly filed; and certain objections being presented by the Public Administrator to the issuing of letters to the said Helen P. S. Mitchell, and being also filed; and due consideration of the whole matter being had by the Surrogate; and it appearing that the said petitioner, Helen Patullo Simpson Mitchell, the niece of the said intestate, is the person first entitled to receive letters of administration, under the law of the State of New York, and that she is a relative of the deceased, entitled to a share in his estate; will-

ing, competent, and qualified, according to law, to take letters of administration; and on motion of Benjamin Galbraith, Esq., proctor for said petitioner:

It is ordered that the prayer of petition of said Public Administrator be and the same is hereby denied, and that the prayer of the petition of said Helen Patullo Simpson Mitchell be and the same is hereby granted; and that letters of administration on the goods, etc., of said David Patullo, deceased, do issue to said Helen Patullo Simpson Mitchell, on her executing a bond in the penal sum of $400,000, as provided by law; and that the said mandamus be filed in the office of the Surrogate.

GIDEON J. TUCKER,
Surrogate.

NOTE.—In return to the peremptory mandamus, December 29, 1868, the Surrogate filed in the Supreme Court a certified copy of the above order. On December 30, a consent to discontinue the mandamus proceedings was given by the attorney for the relator, and an order of dismissal entered thereon in the Supreme Court.